■ Rhone-Poulenc Inc., Appellant, v Union Carbide Chemicals and Plastics Company, Inc., Respondent. In the Matter of the Arbitration between Rhone-Poulenc Inc., Appellant, and Union Carbide Corporation, Respondent. Rhone-Poulenc Inc., Appellant, v Union Carbide Chemicals and Plastics Company, Inc., Respondent.—Orders, Supreme Court, New York County (Beatrice Shainswit, J.), entered July 25, 1991 and June 18, 1992, which, *inter alia,* granted defendant's motion for summary judgment, unanimously affirmed, with costs.

We agree with IAS Court that the parties' agreement concerning the disputed claims is clear and unambiguous and thus solely for the court to interpret *(Amercian Express Bank v Uniroyal, Inc.,* 164 AD2d 275, 277, *lv denied* 77 NY2d 807). Section 11.2 (h) (i) of the agreement specifically provides that the buyer shall pay to the seller the amount of taxes due the taxing authorities for periods prior to December 31, 1986. No other provision of the agreement negates this clear direction requiring the seller to then pay over the amount to the taxing authorities. The fact that under general accounting procedures, the tax liability was not excluded from the amount of working capital does not, in effect, constitute a double payment of taxes as contended by plaintiff.

Additionally, the seller specifically agreed to consider postclosing work of their employees on behalf of plaintiff buyer solely for the purpose of vesting in a pension and not for any benefit that accrued during the time that the employee worked for plaintiff. Concur—Carro, J. P., Milonas, Ellerin and Asch, JJ.